Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL LENZINI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DCM SERVICES, LLC,<br><br>Defendant. | Case No. 3:20-cv-07612<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, CAROL LENZINI, individually and on behalf of others similarly situated, through her undersigned counsel, complaining of DCM SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. CAROL LENZINI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. DCM SERVICES, LLC ("Defendant") is a limited liability company organized under the laws of Delaware.

9. Defendant is a debt collection firm that provides "specialized receivable solutions" to its clients.[1]

10. Defendant maintains its principal place of business at 7601 Penn Avenue South, Suite A600, Minneapolis, MN 55423.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

14. At some point in time, Plaintiff applied for and was approved for a Kohl's department store credit card.

15. Plaintiff used the Kohl's credit card to make purchases for personal and household purposes.

---

[1] https://www.dcmservices.com/the-dcms-difference-1

16. Due to financial difficulty, Plaintiff fell behind on her payments on the Kohl's credit card account ("subject debt").

17. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The subject debt is a "debt" as defined by defined by Cal. Civ. Code. § 1788.2(d).

19. The subject debt was eventually placed with Defendant for collection.

20. On March 18, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

21. Defendant's Letter depicted, in pertinent part, as follows:

> **dcm services**
> 7601 PENN AVE S, SUITE A600
> MINNEAPOLIS, MINNESOTA 55423-5004
>
> March 18, 2020
>
> Creditor:
> Capital One N.A.
>
> Original Creditor:
> Capital One N.A.
>
> The Kohl's Credit Card Account:
> ******4547
>
> Reference #:
> 36795156
>
> Current Unpaid Balance:
> $543.19
>
> Dear CAROL LENZINI:
>
> Our client, Kohl's Department Stores, Inc., placed this account with our office for collection. The amount you owe is $543.19.
>
> This company is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Calls may be monitored or recorded.
>
> Complete the payment slip below and mail it along with a check made payable to DCM Services, LLC. Send your payment in the envelope provided or call us toll free at 1-800-651-7718 to make a payment. Please do not send cash.
>
> You have the right to dispute the validity of this debt or any portion of it. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Respectfully,
> DCM Services, LLC

22. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

24. Specifically, Defendant's Letter identified "Capital One, N.A." as the "Creditor" and "Original Creditor" but did not identify the current creditor.

25. Defendant's Letter also represented that Defendant's "client, Kohl's, Department Stores, Inc. placed [the subject account] with our office for collection."

3

26. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether "Kohl's Department Stores, Inc." or "Capital One, N.A." was the current creditor to whom the subject debt is owed to.

27. Moreover, the identity of the current creditor was further obscured by the conflicting representations that "Capital One, N.A." was the "Creditor" while "Kohl's, Department Stores, Inc." was the entity that placed the subject debt with Defendant for collection.

28. Defendant's Letter confused Plaintiff as she was unable to determine if the creditor identified in the letter, Capital One N.A., was also the current creditor.

29. In other words, just because Capital One N.A. may have been the original creditor does not necessarily mean that it is also the current creditor.

30. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant and not Capital One N.A.

31. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

32. This language raised the possibility that the subject debt could have been sold, but did not clarify the identity of the entity that owns the subject debt.

33. The confusing language in Defendant's Letter and the general abstruse presentation of Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of her right to receive critical information required by the FDCPA.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

4

36. The Putative Class is defined as follows:

> All natural persons residing in the State of California (a) that received a correspondence from Defendant; (b) attempting to collect a consumer debt placed by Kohl's Department Stores, Inc. with Defendant for collection; (c) that failed to conspicuously identify the current creditor; (d) within the one (1) year preceding the date of this complaint through the date of class certification.

37. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity:**

38. Upon information and belief, Defendant mailed hundreds of similar letters to consumers in California.

39. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

40. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B. Commonality and Predominance:**

41. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality:**

42. Plaintiff's claims are representative of the claims of other members of the Putative Class.

43. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class received the same letter and are thus entitled to the same damages.

**D. Superiority and Manageability:**

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation:**

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

51. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

52. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) **the name of the creditor to whom the debt is owed**;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

53. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

54. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

7

55. Specifically, Defendant violated §1692g(a)(2) by failing to identify the current creditor to whom the debt is owed.

56. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Capital One, N.A, Kohl's Department Stores, Inc., Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

57. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

58. Assuming that Capital One, N.A. is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc*., 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the putative class members, requests the following relief:

A. an order certifying the proposed class and the appointment of Plaintiff as the class representative;

B. a finding that Defendant violated 15 U.S.C. §1692g(a)(2);

C. an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

D. an award of statutory damages in the amount of $1,000 to Plaintiff;

E. an award of statutory damages in the amount of $1,000 to each putative class member;

F. an award to Plaintiff for her reasonable attorney's fees and costs;

G. any further relief this Honorable Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**
**(On behalf of Plaintiff, individually, and Members of the Putative Class)**

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of Cal. Civ. Code § 1788.17**

60. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

61. As pled above, Defendant violated 15 U.S.C. §1692g(a)(2); therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the putative class members, requests the following relief:

A. an order certifying the proposed class and appointing Plaintiff as the class representative;

B. a finding that Defendant violated Cal. Civ. Code § 1788.17;

C. an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

D. an award of statutory damages in the amount of $1,000 to Plaintiff;

E. an award of statutory damages in the amount of $1,000 to each putative class member;

F. an award to Plaintiff for her reasonable attorney's fees and costs;

G. any further relief this Honorable court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, on behalf of herself and the members of the putative class members, demands a trial by jury.

Dated: October 29, 2020    Respectfully submitted,

**CAROL LENZINI**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com