Nicholas M. Wajda (SBN 259178)
nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
(310) 997-0471 Telephone
Attorney for the Plaintiff
CAROL LENZINI

David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendant
DCM SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CAROL LENZINI, individually and on behalf of others similarly situated,<br><br>   Plaintiff(s),<br><br>  vs.<br><br>DCM SERVICES, LLC<br><br>   Defendant(s). | Case Number: 20-cv-07612-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. All parties have been served in this matter.

2. <u>Facts</u>

Plaintiff alleges that Defendant violated §1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") by failing to conspicuously identify the name of the creditor to whom the debt is owed in a debt collection correspondence ("Defendant's Letter") sent by Defendant to Plaintiff. Plaintiff further alleges that Defendant's violation of the FDCPA constitutes a per se violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.17.

Defendant contends: As set forth in Defendant's Motion to Dismiss, Defendant letter adequately identifies the name of the creditor.

3. <u>Legal Issues</u>

a) Whether Defendant's Letter adequately identified the creditor to whom the debt is owed to as required by §1692g(a)(2) of the FDCPA.

b) Whether Plaintiff has Article III standing to pursue his claims in federal court.

c) Whether Plaintiff's putative class satisfies the elements of Fed. R. Civ. P. 23.

4. <u>Motions</u>

On January 19, 2021, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim and for lack of Article III standing.

5. <u>Amendment of Pleadings</u>

Plaintiff filed an amended complaint on January 4, 2021.

6. <u>Evidence Preservation</u>

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The parties held the Rule 26(f) conference on January 11, 2021 and have agreed to exchange Rule 26(a)(1) disclosures by February 8, 2021.

8. <u>Discovery</u>

No discovery has been taken to date. Defendant's prior experience with this Court is that it does not typically set a discovery cut-off date until after a ruling on class certification. Defendant does not anticipate any changes to the limitations of discovery set forth in Fed. R. Civ. P. 26.

9. <u>Class Actions</u>

Plaintiff intends on filing a Motion for Class Certification within 60 days of the Court's ruling on Defendant's anticipated Motion to Dismiss the Amended Complaint.

10. <u>Related Cases</u>

None.

11. Relief

Plaintiff is seeking the following relief:

   a) An order certifying the proposed class and the appointment of Plaintiff as the class representative.

   b) An injunction prohibiting Defendant from sending similar deficient collection letters to consumers.

   c) An award of statutory damages in the amount of $1,000 to Plaintiff pursuant to the FDCPA.

   d) An award of statutory damages in the amount of $1,000 to Plaintiff pursuant to the RFDCPA.

   e) An award to the class members not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendant pursuant to the FDCPA.

   f) An award of to the class members not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendant pursuant to the RFDCPA.

   g) Plaintiff's attorney's fees and costs pursuant to the FDCPA and RFDCPA.

 Defendant denies that Plaintiff is entitled to any such relief.

12. Settlement and ADR

Plaintiff is interested in settlement and will make a demand upon request. Plaintiff filed her ADR Certification on January 6, 2021.  The parties prefer to discuss ADR selection with the Court as the case management conference.

13. Consent to Magistrate Judge For All Purposes

Parties do not consent to a Magistrate Judge.

14. Other References

Parties do not believe the case is suitable for reference to binding arbitration, special master, or Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Parties believe that the legal issues are inherently narrow and no effort by the parties could further narrow the issues.

16. Expedited Trial Procedure

Parties do not agree to the Expedited Trial Procedure of General Order 64.

17. Scheduling

   a)

|  | **Plaintiff's Proposed dates** | **Defendant's proposed dates** |
|---|---|---|
| **Deadline to amend pleadings** | March 15, 2021 | March 15, 2021 |
| **Expert reports due** | NA | NA |
| **Rebuttal expert reports due** | NA | NA |
| **Deadline for Initial ADR Session:** | June 30, 2021. | Defendant asserts setting a deadline is premature |
| **Deadline to file motion for class certification** | within 60 days of the Court's ruling on Defendant's anticipated Motion to Dismiss the Amended Complaint. | within 90 days of the Court's ruling on Defendant's anticipated Motion to Dismiss the Amended Complaint. |
| **Opposition to motion for class certification due** | Four weeks after filing of the motion for class certification | Four weeks after filing motion for class certification |

|  | **Plaintiff's Proposed dates** | **Defendant's proposed dates** |
|---|---|---|
| **Reply in support of motion for class certification** | 21 days after the filing of Defendant's opposition to the motion for class certification | Three weeks after filing opposition to motion for class certification |
| **Discovery cut-off** | June 30, 2021 | Defendant's prior experience with this Court is that it does not typically set a discovery cut-off date until after a ruling on class certification. |
| **Hearing on Dispositive Motion deadline** | November 30, 2021 | Defendant's prior experience with this Court is that it does not typically set a dispositive motion deadline until after a ruling on class certification. |
| **Pretrial conference** | February 2022 | Defendant's prior experience with this Court is that it does not typically set a pretrial conference date until after a ruling on class certification |
| **Trial** | March 2022 | Defendant's prior experience with this Court is that it does not typically set a trial date until after a ruling on class certification |

18. <u>Trial</u>

Plaintiff has demanded a trial by jury. Plaintiff's expected length of trial is 2 days. As Plaintiff has pleaded a class action, Defendant estimates a 3-4 trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiff filed her Certification of Interested Entities or Persons on January 19, 2021.

Defendant filed its Certification of Interested Entities or Persons on December 18, 2020.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

Dated: January 19, 2021            /s/ Nicholas M. Wajda
                                   Counsel for plaintiff

Dated: January 19, 2021            /s/   David J. Kaminski
                                   David J. Kaminski
                                   Stephen A. Watkins
                                   Counsel for defendant