David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
DCM SERVICES, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL LENZINI, individually and on behalf of others similarly situated, | CASE NO. 4:20-cv-07612-YGR |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO 12(B)(1) AND 12(B)(6)** |
| vs. | |
| DCM SERVICES, LLC, | **Date:   February 23, 2021** |
| Defendant. | **Time:   2:00 p.m.** |
| | **Place:   Ctrm 1, 4th Floor** |
| | Hon. Yvonne Gonzalez Rogers |

1

## TABLE OF CONTENTS

2    I.      INTRODUCTION ....................................................................................................1

3    II.     BACKGROUND ......................................................................................................1

4    III.    ARGUMENT ...........................................................................................................2

5            A.      Authority ......................................................................................................2

6            B.      Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction..3

7                    1.      Plaintiff's FDCPA allegations do not establish *per se* injury-in-fact ...........4

8                    2.      A violation of Section 1692g(a)(2) is not a *per se* injury-in-fact ................4

9                            a.      The common law does not support concrete injury

10                                   for Plaintiff's claims .....................................................................4

11                           b.      Congressional judgment does not support concrete

12                                   injury for Plaintiff's claims  ..........................................................6

13                   3.      Plaintiff's FDCPA allegations do not present any actual harm or material

14                           risk of concrete harm .................................................................................7

15                   4.      Plaintiff's FAC does not describe particularized harm...............................8

16           C.      Plaintiff's FAC should be dismissed because it fails to state a claim.....................9

17                   1.      DCM's letter is to be evaluated using the "least sophisticated

18                           debtor" standard .........................................................................................9

19                   2.      DCM's letter did not have to use the words "Current Creditor" ................9

20                   3.      DCM's letter sufficiently identifies the current creditor............................9

21                   4.      Plaintiff cannot manufacture confusion ...................................................13

22   IV.     CONCLUSION .....................................................................................................14

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3   *Adams v. Skagit Bonded Collectors, LLC*
2020 WL 7055395, (9th Cir. Dec. 2, 2020) ....................................................1, 4, 5, 6, 7, 8

4

5   *Ashcroft v. Iqbal,*
129 S. Ct. 1937 (U.S. 2009) .........................................................................................3

6

7   *Bell Atl. Corp. v. Twombly,*
550 U.S. 544  (U.S. 2007) ...........................................................................................3

8

9   *Campbell v. Facebook, Inc.,*
951 F.3d 1106 (9th Cir. 2020) .....................................................................................4

10

11  *Carter v. United States,*
530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000) ............................................6

12

13  *Cooper v. Atl. Credit & Fin. Inc,*
822 F. App'x 951 (11th Cir. 2020) ..............................................................................8

14  *Davis v. Mandarich Law Grp.,*
790 F. App'x 877 (9th Cir. 2020) ...............................................................................7

15

16  *Donohue v. Quick Collect, Inc.,*
592 F.3d 1027 (9th Cir. 2010). ...................................................................................6

17

18  *Gonzales v. Arrow Fin. Servs., LLC,*
660 F.3d 1055 (9th Cir. 2011).   ..........................................................................11, 13

19

20  *Haddad v. Midland Funding, LLC,*
255 F. Supp. 3d 735 (N.D. Ill. 2017) ..........................................................................5

21  *Hahn v. Triumph Partnerships* LLC,
557 F.3d 755 (7th Cir. 2009) ...................................................................................5, 6

22

23  *Hami v. Portfolio Recovery Associates, LLC,*
2015 WL 897571 (C.D. Cal. Feb. 23, 2015)...............................................................9

24

25  *In re Facebook, Inc. Internet Tracking Litig.,*
956 F.3d 589, (9th Cir. 2020)  .....................................................................................3

26

27  *Jones v. Synergetic Commc'n, Inc.,*
2018 WL 60624147 (S.D. Cal. Nov. 20, 2018) ........................................................11

28

*Kokkonen v. Guardian Life Ins. Of Am.*,
511 U.S. 375 (1994). ............................................................................2

*McBroom v. Syndicated Office Sys., LLC*,
2018 WL 6199014, (W.D. Wash. Nov. 28, 2018) ...........................11, 12, 13

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) .....................................................3

*Patel v. Facebook, Inc.*,
932 F.3d 1264 (9th Cir. 2019) .................................................3, 4

*Perry v. Columbia Recovery Grp., LLC*,
2016 WL 6094821 (W.D. Wash. Oct. 19, 2016) ..............................8

*Robins v. Spokeo, Inc.*,
867 F.3d 1108 (9th Cir. 2017) ...................................................4

*Santibanez v. Nat'l Credit Sys., Inc.*,
2017 WL 126111 (D. Or. Jan. 12, 2017) ......................................12

*Schuerkamp v. Afni, Inc.*,
2011 WL 5825969 (D. Ore. 2011) ...........................................11, 12

*Smith v. Simm Assocs., Inc.*,
926 F.3d 377 (7th Cir. 2019) .............................................9, 10, 13

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ...............................3, 4, 8

*Summers v. Earth Island Inst.*,
555 U.S. 488, S.Ct. 1142, 173 L.Ed.2d 1 (2009) ............................6

*Tatis v. Allied Interstate, LLC*,
882 F.3d 422 (3d Cir. 2018)......................................................11

*Trichell v. Midland Credit Mgmt., Inc.*,
964 F.3d 990 (11th Cir. 2020) ....................................................6

*Wade v. Regional Credit Association*,
87 F.3d 1098 (9th Cir. 1996) .....................................................9

*Warner v. Ray Klein, Inc., No.*
2018 WL 1865873(D. Or. Apr. 18, 2018) .................................10, 13

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO. 4:20-cv-07612-YGR

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000). ...................................................................................2

*Wilderness Soc'y, Inc. v. Rey*,
622 F.3d 1251 (9th Cir. 2010) ...................................................................................5

*Wolfe v. Strankman*,
392 F.3d 358 (9th Cir. 2004). ...................................................................................3

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(1)...........................................................................................2, 3

Fed. R. Civ. P. 12(b)(6)...............................................................................................3

15 U.S.C. § 1692g(a)(2)..........................................................................4, 6, 7, 8, 9, 11, 12

15 U.S.C. § 1692g(a)(5) …………………………………………………………..10, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") asserts that DCM Services, LLC's ("DCM") collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Rosenthal Act, *Cal. Civ. Code* § 1788 *et seq.* ("Rosenthal Act").

DCM's collection letter to Plaintiff identifies "Capital One, N.A." as "creditor" and then in the very next line identifies "Capital One, N.A." as the "original creditor".  (FAC ¶ 20.)  This indicated that not only was Capital One originally the creditor, <u>it was still the creditor</u>.

Nevertheless, Plaintiff claims the letter did not sufficiently identify the current creditor.  However, Ninth Circuit has recently held that a plaintiff asserting nearly identical claims lacked Article III standing.  *Adams v. Skagit Bonded Collectors, LLC*, No. 20-35158, 2020 WL 7055395, at *2 (9th Cir. Dec. 2, 2020) (unpublished)[1].  Just as in our case, the plaintiff in *Adams* asserted that although the name of the creditor was set forth in the letter, the creditor's status as the current creditor was not sufficiently identified.  *Id.* at *1.  The Ninth Circuit held that the plaintiff's bare claim of confusion did not establish concrete harm and held that the complaint should be dismissed for lack of subject matter jurisdiction.  *Id.* at *2.  Similarly, Plaintiff's Complaint only alleges confusion, not any concrete harm, and therefore should be dismissed.

### II.      BACKGROUND

Plaintiff alleges Defendant DCM is a debt collector and that Plaintiff's debt was placed with DCM for collection.  (FAC ¶¶ 11-12, 18.)  DCM sent Plaintiff a collection letter dated March 18, 2020.  (FAC ¶ 20.)

In the March 18, 2020, letter, "Capital One, N.A." is indicated as the creditor and original creditor, and no other creditor is identified.

---

[1] Cited as persuasive authority pursuant to Ninth Circuit Rule 36–3.

(FAC ¶ 20.)

As such, there is nothing confusing or misleading about the identity of the creditor. Regardless, Plaintiff's FAC only makes bare allegations of confusion:

> "Defendant's Letter confused Plaintiff as she was unable to determine if the creditor identified in the letter, Capital One N.A., was also the current creditor."  (FAC ¶ 27)

> "Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA, and was harmed as a result thereof" (FAC ¶ 38)

DCM denies its letter violated the FDCPA in any way, and further denies the relief requested by Plaintiff.  Additionally, Plaintiff fails to allege any particularized and concrete injury (nor could she) as a result of the alleged FDCPA violations.  Plaintiff's FAC should be dismissed.

## III.   ARGUMENT

### A.   Authority

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts are of "limited jurisdiction" and plaintiff bears the burden to prove the requisite federal subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994).  A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial 12(b)(1) motion

involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). DCM is asserting a facial, not factual challenge to the FAC.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a dismissal motion under Rule 12(b)(6), the court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007) (citations omitted). Mere conclusions or recitations of the elements of a cause of action are not sufficient. *Id.* Where there is an absence of sufficient facts alleged to support the legal theory explained by the Plaintiff, a motion to dismiss pursuant to Rule 12(b)(6) should be granted. *Id.* at 556-57. This Court is not bound to accept as true mere legal conclusion even if they are passed off as factual allegation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (U.S. 2009).

**B.   Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction**

As the party invoking federal jurisdiction, Plaintiff "bears the burden of establishing the elements of Article III jurisdiction," including standing. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (citations omitted). The U.S. Supreme Court in *Spokeo* stated that a "bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) ("*Spokeo I*"). However, Congress may enact statutes that " 'elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate' to confer standing." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (quoting *Spokeo*, 136 S. Ct. at 1549). "A plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549.

However, this is a case where Plaintiff must allege additional harm beyond the one identified by Congress.   She cannot meet his burden to do so, as shown below.

### 1.       Plaintiff's FDCPA allegations do not establish *per se* injury-in-fact

The Ninth Circuit employs a two-step approach to assess whether a statutory violation causes a concrete injury sufficient to satisfy Article III.   *Patel,* 932 F.3d at 1270. "We ask '(1) whether the statutory provisions at issue were established to protect the plaintiff's concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.' " *Id.* at 1270-71 (alteration omitted) (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)).

### 2.       A violation of Section 1692g(a)(2) is not a *per se* injury-in-fact

The allegations asserted in Plaintiff's FAC only assert bare procedural obligations—not a violation of a substantive right.  *Campbell v. Facebook, Inc.,* 951 F.3d 1106, 1119 n. 8 (9th Cir. 2020), 951 F.3d at 1119 n.8 (explaining that "procedural obligations ... sometimes protect individual interests," while the violation of "a substantive right" always causes concrete harm. (citation omitted))

To determine whether an intangible injury is sufficiently concrete, the Court must look to both history and the judgment of Congress.  *Spokeo,* 136 S. Ct. at 1549.

### a.       The common law does not support concrete injury for Plaintiff's claims

There is no common law analogue to the claims in Plaintiff's FAC that suggest concrete harm.  Plaintiff asserts that DCM's letter violates Section 1692g(a)(2) of the FDCPA.  (FAC ¶¶ 22, 60.)   Similarly, in *Adams*, the plaintiff argued the letters at issues violated the FDCPA's affirmative disclosure requirement, 15 U.S.C. § 1692g(a)(2), and its prohibition on false or misleading representations, id. § 1692e.  2020 WL 7055395 at *1.  The plaintiff alleged that he was harmed as a result because, "upon reading the letter, [he] was unsure of who the current creditor was."  *Id.*

Plaintiff's FAC added the following allegations to assert that she suffered some type of "informational injury:

32. Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom she is ultimately paying.

33. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, whom is presently unknown.

34. As a result of the imminent risk of adverse credit reporting, which would damage Plaintiff's creditworthiness, Plaintiff suffered damages in the form of anxiety and fear.

35. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. See Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

36. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having her payment swallowed into a black hole.

37. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. See Haddad v. Midland Funding, LLC, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017)

(FAC ¶¶ 32-37.)

However, the Ninth Circuit in *Adams* rejected the plaintiff's argument that he was alleging an "informational injury." 2020 WL 7055395 at *1, n.2. It held that although rights under the FDCPA "necessarily involve the dissemination of information, they are not thereby tantamount to a right to information per se." *Id.* (citing *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1259 (9th Cir. 2010)).

Instead, the Court in *Adams* held that the closest common-law analogue to similar claims were fraud. 2020 WL 7055395 at *1. It held that at common law, actions for fraud—including fraudulent concealment and nondisclosure—required proof of reliance and resulting pecuniary loss. 2020 WL 7055395, at *1 (citing Restatement (Second) of Torts §§ 525, 537, 550-552 (Am.

1   L. Inst. 1977)).  The Ninth Circuit's holding in *Adams* aligns with the Eleventh Circuit's ruling in

2   *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 998 (11th Cir. 2020).

3       In *Trichell*, the Eleventh Circuit held that the 1692e and 1692f claims before the Court did

4   not allege any reliance and therefore did not have any common law analogue in fraud.  964 F.3d

5   at 995, 998.  The Court in Eleventh Circuit held that to find otherwise cuts against Article III

6   standing, for the purpose of that doctrine is to confine courts to their "traditional role*." 964 F.3d*

7   at 999 (citing *Summers v. Earth Island Inst*., 555 U.S. 488, 492, 129 S.Ct. 1142, 173 L.Ed.2d 1

8   (2009)).

9       Plaintiff's FAC alleges no reliance by Plaintiff as a result of the purposed "current creditor"

10  confusion.  She merely states "Due to Defendant's failure to identify the current creditor," she did

11  not make a payment.  (FAC ¶ 32)  She does not specifically identify whether she would have made

12  payment to Capital One, N.A. but believed payment to Kohl's might have been more appropriate,

13  or vice versa.  This argues against any finding of concrete harm.

14      **b.    Congressional judgment does not support concrete injury for Plaintiff's claims**

15      Plaintiff's Complaint does not assert an injury supported by Congressional judgment.  With

16  respect to the 1692g(a)(2) and 1692f claims before the Court in *Adams*, the Ninth Circuit held that

17  that congressional judgment suggests a concern with "genuinely misleading statements that may

18  frustrate a consumer's ability to intelligently choose his or her response" to a debt collector's

19  communication.  2020 WL 7055395 at *2 (citing *Donohue v. Quick Collect, Inc*., 592 F.3d 1027,

20  1034 (9th Cir. 2010).  The Court in *Adams* stated in pertinent part:

21      "Statements that induce no reliance do not impede a consumer's ability to
22      intelligently respond to a debt collector. Because not every misleading statement in
23      a debt collection letter necessarily threatens the recipient's concrete interests, **we
        consider the alleged violation here more procedural than substantive**."

24  *Id.* at *1 (emphasis added).

25      Moreover, "Materiality is an ordinary element of any federal claim based on a false or

26  misleading statement."  *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)

27  (citing *Carter v. United States*, 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000).

28

Similarly, in *Davis,* the Ninth Circuit held allegations of violations of the FDCPA are not necessarily a substantive claim that automatically triggers injury. *See Davis v. Mandarich Law Grp.*, 790 F. App'x 877, 878 (9th Cir. 2020). In that case, the Ninth Circuit remanded to the district court to determine whether the plaintiff had standing to assert claims under Section 1692e and 1692f:

> "[F]or Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation.... There is a serious question whether [the plaintiff] has adequately alleged an injury in fact ..."

*Id.* (second alteration in original) (quotation omitted)).

Plaintiff's allegation of violation of 1692g(a)(2) is not an assertion of a substantive right. Therefore, Plaintiff must allege harm beyond stating a statutory violation. However, Plaintiff's FAC does not allege any actual harm or material risk of harm to concrete interests, as shown below.

### 3.   Plaintiff's FDCPA violations do not present any actual harm or material risk to concrete interests

The Court in *Adams* held that the plaintiff did not allege actual harm or a material risk of harm to the interests protected by the FDCPA. 2020 WL 7055395 at *2. In doing so, the Ninth Circuit noted that nothing in the Complaint suggested the plaintiff took or forewent any action because of the allegedly misleading statements in the letters. *Id.* "Rather, the Complaint includes a bare allegation of confusion. Without more, confusion does not constitute an actual harm to Adams's concrete interests.". *Id.*

Plaintiff's FAC presents the same bare allegations of confusion.

> "Defendant's Letter confused Plaintiff as she was unable to determine if the creditor identified in the letter, Capital One N.A., was also the current creditor." (FAC ¶ 27.)

> Notably, she did not allege in her FAC that she would have otherwise made payment if the current creditor had be adequately identified. She merely states "Due to Defendant's failure to identify the current creditor," she did not make a payment. (FAC ¶ 32)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court in *Adams* also held that similar allegations failed to present a material risk of harm to the plaintiff's interests.   The Court stated in pertinent part:

> Although his supplemental brief offers a series of examples in which a hypothetical consumer might detrimentally rely on an allegedly misleading creditor identification, the Complaint does not support an inference that Adams himself was ever at risk of detrimental reliance. Because the argument that he might have relied on the allegedly misleading statements to his detriment is entirely " 'conjectural' or 'hypothetical' " without additional factual allegations, Adams has not adequately pleaded a material risk of injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). He therefore lacks Article III standing.

2020 WL 7055395 at \*2.  *See also Cooper v. Atl. Credit & Fin. Inc,* 822 F. App'x 951, 955 (11th Cir. 2020) (no harm or material risk of harm where "All Cooper says, at most, is that she was confused."); *Perry v. Columbia Recovery Grp., LLC*, No. C16-0191JLR, 2016 WL 6094821, at \*6 (W.D. Wash. Oct. 19, 2016)(no section 1692g claim where did not did not allege that the debt was incorrect or that he ever intended to dispute the debt or to request the name or address of the original creditor.")

Plaintiff merely states "Due to Defendant's failure to identify the current creditor," she did not make a payment.  (FAC ¶ 32)  She does not specifically identify whether she would have made payment to Capital One, N.A. but believed payment to Kohl's might have been more appropriate, or vice versa.  Nor does she establish how a letter that states "Capital One, N.A. creditor" presented a material risk that she would not understand Capital One, N.A. is the current creditor.  Plaintiff does not establish "actual harm" or a material risk of harm to concrete interests under Section 1692g(a)(2).  This claim should be dismissed.

### 4.    Plaintiff's FAC does not describe particularized harm

For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (citations omitted).  As set forth above Plaintiff does not specifically state she would have made a payment to Capital One, N.A., but that she somehow believed "Kohl's" was the true current creditor, or vice versa.  She does

not state how a letter that indicates "Capital One – Creditor" presents a particularized injury as to her.  Plaintiff's FAC should be dismissed on the grounds Plaintiff has failed to allege a particularized injury.

### C.   Plaintiff's FAC should be dismissed because it fails to state a claim

Plaintiff alleges that DCM's Letter violated § 1692g(a)(2) because its Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.  (FAC ¶ 23.)  Plaintiff alleges DCM violated Section 1788.17 of the Rosenthal Act because it incorporates Section 1692g(a)(2).  (FAC ¶¶ 66-67.) According to Plaintiff, DCM's Letter identified "Capital One, N.A." as the "Creditor" and "Original Creditor" (FAC ¶ 20) but did not sufficiently identify the current creditor.  (FAC ¶ 21-22.)  Plaintiff's argument arguments lack merit.

### 1.   DCM's letter is to be evaluated using the "least sophisticated debtor" standard

Whether an initial communication violated the FDCPA depends on whether it is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996).   The "least sophisticated debtor" standard is protective of consumers, but it is not without limits.  For example, "unreasonable or idiosyncratic interpretations of communications must be rejected." *Hami v. Portfolio Recovery Associates, LLC*, 2015 WL 897571 at *2 (C.D. Cal. Feb. 23, 2015).  As shown below, all Plaintiff asserts in her Complaint are "unreasonable" interpretations of DCM's letter.

### 2.   DCM's letter did not have to use the words "Current Creditor"

The FDCPA requires that an initial communication with a consumer include: "**the name of the creditor to whom the debt is owed,**" with no distinction between original and current creditor.  *See* 15 U.S.C. § 1692g(a)(2).  "Creditor" is defined as any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.  *See* 15 U.S.C. § 1692a(4).

The FDCPA does not require a debt collector to use the term "current" when naming "the creditor to whom the debt is owed." *Smith v. Simm Assocs., Inc.,* 926 F.3d 377, 381 (7th Cir. 2019) ("the FDCPA does not require use of any specific terminology to identify the creditor");

*Warner v. Ray Klein, Inc.*, No. 3:17-CV-01301-JE, 2018 WL 1865873, at *3 (D. Or. Apr. 18, 2018) at *3 ("The statute does not discern between 'original creditor' and 'current creditor' except to the extent that it requires notice that upon the consumer's written request 'the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.'")(citing 15 U.S.C. § 1692g(a)(5)).  With this as background, it is clear DCM's letter sufficiently identified Capital One Bank, N.A. as "the creditor to whom the debt is owed."

### 3.     DCM's letter sufficiently identifies the current creditor

The Seventh Circuit Court of Appeals' decision in *Smith* is directly on point to the instant matter.  *See Smith* 926 F.3d at 381.  In that case, the Seventh Circuit held that including the term original creditor without any specific reference to a current creditor was not a violation of the FDCPA.  *Id.*  The *Smith* court reasoned as follows:

> "It is true the letter identifies Comenity Capital Bank as the "original" instead of "current" creditor. But the FDCPA does not require use of any specific terminology to identify the creditor. And the letter **does not identify any creditor** other than Comenity Capital Bank, which might have led to consumer confusion. Indeed, by informing debtors **they could request the name of the original creditor if different from the current creditor, the letter alerts debtors the original and current creditor may be the same**").

*Id.* **(emphasis added).**

Moreover, in this case, not only is Capital One, N.A. the only creditor identified, DCM's Letter sets forth "Original Creditor:  "Credit One, N.A." are the words "Creditor: Credit One, N.A.



(FAC ¶ 20.)(emphasis added).

1    The only possible construction is that Credit One, N.A. is the creditor to which the debt is
2  owed.  Otherwise, the line "Creditor: Credit One, N.A." would be redundant to the line "Original
3  Creditor: Credit One, N.A." The FDCPA does not subject debt collectors to liability for "bizarre,"
4  "idiosyncratic," or "peculiar" misinterpretations.  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d
5  1055, 1062 (9th Cir. 2011).

6     Given that designation of "Creditor" by itself is sufficient, DCM's Letter sufficiently
7  identifies to whom the debt is owed.  *Schuerkamp v. Afni, Inc*., No. 10-6282-HO, 2011 WL
8  5825969, at *3 (D. Or. Nov. 16, 2011) (D. Ore. 2011) (letter did not violate Section 1692g(a)(2)
9  where asserted "Creditor" in a table heading, without either "original" or "current" as a modifier).
10  See also Ex 3 to RJN at pg. 7.

11    Plaintiff asserts that DCM's Letter is confusing because it also represented that
12  Defendant's "client, Kohl's, Department Stores, Inc. placed [the subject account] with our office
13  for collection" and therefore she was unable to determine whether "Kohl's Department Stores,
14  Inc." or "Capital One, N.A." was the current creditor to whom the subject debt is owed to.  (FAC
15  ¶¶ 24, 25.)  However, "[a] debt collection letter's potential to mislead the least sophisticated
16  consumer must be assessed based on the entirety of the letter and thus a court should not
17  myopically focus on one aspect of the letter when other language in the letter dispels such
18  potential." *Jones v. Synergetic Commc'n, Inc*., No. 18-CV-1860-BAS-RBB, 2018 WL 6062414,
19  at *7 (S.D. Cal. Nov. 20, 2018) (citing *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir.
20  2018).

21    Plaintiff claims DCM's letter requesting payment be made to Defendant and not directly
22  Capital One N.A., this obfuscated the identity of the current creditor (FAC ¶ 29).  The authority is
23  to the contrary. *McBroom v. Syndicated Office Sys., LLC*, No. C18-0102-JCC, 2018 WL 6199014,
24  (W.D. Wash. Nov. 28, 2018).  In *McBroom*, the defendant sent a letter to plaintiff notifying him
25  of the debt.   *Id*. at *1.  The letter provided in part that the relevant "facility" was "FMG West
26  Seattle," and listed an account number, patient reference number, the date of service, but did not
27  use the term "creditor".

28



{00144873;1}

*See* Request for Judicial Notice in Support of Defendant's Motion, Ex 2 at pg. 17.

Just as in our case, the plaintiff claimed that the defendant violated the FDCPA by failing to clearly identify the current creditor of the debt and by failing to meaningfully convey the name of the creditor to whom the debt was owed.  *McBroom*, 2018 WL 6199014 at *1.  The defendant moved for summary judgment.  *Id.*

In granting summary judgment for the defendant on the Section 1692g(a)(2) claim, the Court in *McBroom* made several key points.  Most important to our case, the Court held that the body of the letter stated that the defendant is a debt collector, and that the account was "placed" with Defendant "for the collection of the current balance above."  The Court in *McBroom* held that this language suggested that the debt collector was not the creditor:

> The letter also directs Plaintiff to make payments to Defendant, rather than FMG West Seattle. (Id.) This language does not suggest that Defendant is the owner of the account. Rather, it indicates that Defendant is working as a debt collector on behalf of the creditor, and is seeking to collect the outstanding balance of the account.

*Id.* at *4.  *See also Santibanez v. Nat'l Credit Sys., Inc.*, No. 6:16-CV-00081-AA, 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017) ("Unlike the words 'assignee' and 'transferred' in Janetos, the word "placed" does not suggest any change in ownership."); *Schuerkamp*, 2011 WL 5825969, at *3 ("The notice itself states that "this account has been placed with our agency for collection," and that "[t]his letter is from a debt collector." There is no dispute that plaintiff understood that Afni was the debt collector.")

Just as in *McBroom*, DCM's letter stated that Plaintiff's account has been "placed" with DCM for collection and that DCM is a debt collector.  There is no confusion there.

**4.      Plaintiff cannot manufacture confusion**

Plaintiff's manufactured confusion as to a phantom subsequent current creditor is immaterial and is not required under the FDCPA.  *See Warner*, 2018 WL 1865873, at *3 ("Plaintiffs' attempts to persuade the Court to parse out distinctions between an "original creditor" and a "current creditor" or to find confusing the inclusion of the debt collector's account number fail in the face of the facts of this case and border on the "idiosyncratic, or peculiar misinterpretations" that *Gonzales* eschews. **It is simply not plausible to conclude that the least sophisticated debtor, reading the letter as a whole, would not understand that Portland Water Bureau, as <u>the only creditor identified</u>, is the creditor to whom the debt is owed**") (emphasis added).

Just like the letters at issue in *McBroom*, *Warner* and *Smith*, the letter in the instant matter identify only one creditor Credit One, N.A.  (FAC ¶ 20.) The letter further identifies DCM as a debt collector" and explained that the account had been placed with DCM for collection.  (FAC ¶ 28.) Therefore, it is simply not plausible for Plaintiff to conclude that the least sophisticated debtor, reading the letter as a whole, would not understand that Capital One, N.A. is the creditor to whom her debt was owed.

Lastly, by informing Plaintiff that she could request the name and address of the original creditor, if different from the current creditor, the letter alerts Plaintiff that the original and current creditor may be the same.  *See Smith*, 926 F.3d at 377.  In fact, the language in the letter, "will provide you the name and address of the original creditor, if different from the current creditor," is **required by § 1692g(a)(5)** of the FDCPA.  *See* 15 U.S.C. § 1692g(a)(5) (an initial communication to a consumer shall include: "a statement that, upon the consumer's written request within the thirty-day period, the debt collector **will provide the consumer with the name and address of the original creditor, if different from the current creditor**.")(emphasis added).

Based on the foregoing, Plaintiff's claim for the alleged violation of § 1692g(a)(2) fails as a matter of law.  Plaintiff's FAC should be dismissed.

IV.    **CONCLUSION**

Plaintiff's bare allegation of conclusion does not establish Article III standing. Regardless, DCM's letter sufficiently identified the current creditor.  Plaintiff's FAC should be dismissed in its entirety.

DATED:  January 19, 2021                    CARLSON & MESSER LLP

By:    s/David J. Kaminski
                                                   David J. Kaminski
                                                   Stephen A. Watkins
                                                   Attorneys for Defendant
                                                   DCM SERVICES, LLC

CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 19ᵗʰ day of January, 2021, a true and accurate copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO 12(B)(1) AND 12(B)(6) was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP